UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COLONY INSURANCE CO.                          CIVIL ACTION

VERSUS                                        NO: 20-1354

WINDOW WORLD OF                               SECTION: "H"
BATON ROUGE, LLC

ORDER AND REASONS

Before the Court is Defendant Window World of Baton Rouge, LLC's
Motion to Abstain, Stay, or Dismiss (Doc. 8). For the following reasons, the
Motion is GRANTED.

BACKGROUND

This suit arises out of a coverage dispute between Defendant Window
World of Baton Rouge, LLC ("Window World") and its insurer Plaintiff Colony
Insurance Co. ("Colony") regarding damage that is the subject of a lawsuit filed
in the 24th Judicial District Court of Louisiana (the "State Court Action"). In
the State Court Action, homeowners Robert and Erin Larsen brought suit
against Mashood Kahn, the prior owner of their home, alleging that he was

1

aware of, and failed to disclose at the sale, significant defects in the property, including improperly installed windows that resulted in water intrusion into the structure. In response, Kahn filed a third-party demand against Window World alleging that it is responsible for the alleged improper window installation. Window World's insurer, Colony, accepted the claim and is providing Window World a defense under reservation of rights.

In this diversity action, Colony seeks a declaratory judgment that it does not owe Window World coverage in the State Court Action. Subsequent to the filing of this action, Window World filed a third-party demand against Colony in the State Court Action, alleging that it is entitled to defense and indemnity therein under its policy with Colony. In this motion, Window World asks this Court to abstain from exercising jurisdiction over this matter in light of its claims against Colony in the State Court Action. It also seeks dismissal for improper service and venue.

## LAW AND ANALYSIS

The Declaratory Judgment Act provides that, in a case of actual controversy within its jurisdiction, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[1] This Act is "an enabling act, which confers discretion on the courts rather than an absolute right on a litigant."[2] The Fifth Circuit has outlined a three-part test for district courts to use when considering

---

[1] 28 U.S.C. § 2201(a).
[2] Wilton v. Seven Falls Co., 505 U.S. 277, 287 (1995) (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).

whether to decide or dismiss a declaratory judgment action.[3] A federal district court must determine: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action."[4]

Here, it is undisputed that an actual controversy exists, given the State Court Action currently pending. The Court also finds that it has jurisdiction and authority to grant the relief requested.[5] Defendant therefore challenges only the third prong and asks this court to decline to exercise jurisdiction over this action.

The Fifth Circuit has provided courts with seven non-exclusive factors to consider when determining how to exercise its discretion in an action for declaratory relief.[6] These factors are:

1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

3) whether the plaintiff engaged in forum shopping in bringing the suit;

4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

5) whether the federal court is a convenient forum for the parties and witnesses;

---

[3] *See* Orix Credit All., Inc. v. Wolfe, 212 F. 3d 891, 895 (5th Cir. 2000).

[4] Sherwin-Williams Co. v. Holmes Cty., 343 F.3d 383, 387 (5th Cir. 2003)

[5] Abstention is not mandatory because Window World brought its claims in the State Court Action after this action was filed. *See* Gulf Offshore Logistics, LLC v. Norris, No. CV 16-8247, 2016 WL 7097383, at *6 (E.D. La. Dec. 5, 2016) ("This District Court, however, has held that filing sequence strictly matters.").

[6] *Sherwin-Williams Co.*, 343 F.3d at 388.

6) whether retaining the lawsuit would serve the purposes of judicial economy; and

7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[7]

These factors, known as the *Trejo* factors, have been subsequently grouped into three higher-level considerations.[8] The first grouping concerns the proper allocation of decision-making between state and federal courts.[9] The second grouping concerns fairness.[10] The third grouping concerns efficiency.[11]

The *Trejo* factors are not exclusive, and district courts can consider a variety of factors in determining whether to decide or dismiss a declaratory judgment action.[12] "Fundamentally, the district court should determine whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort."[13]

The first *Trejo* factor, which concerns comity and efficiency,[14] lends favor to dismissing the instant action. There is currently a pending state court action in which all of the matters in this declaratory judgment action may be fully litigated. The issue of whether Colony owes Window World coverage for the

---

[7] *Id.* (citing St. Paul Ins. Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994)).

[8] *Brit UW Ltd.*, 2018 WL 4184565, at *3 (citing *Sherwin-Williams Co.*, 343 F.3d at 390–92).

[9] *Sherwin-Williams Co.*, 343 F.3d at 390.

[10] *Id.* at 391.

[11] *Id.*

[12] Rowan Companies, Inc. v. Griffin, 876 F.2d 26, 29 (5th Cir. 1989).

[13] Magnolia Marine Transp. Co., Inc. v. Laplace Towing Corp., 964 F.2d 1571, 1581 (5th Cir. 1992) (quoting PPG Indus., Inc. v. Cont'l Oil Co., 478 F.2d 674, 682 (5th Cir. 1973)).

[14] *Sherwin-Williams Co.*, 343 F.3d at 391.

damage to the Larsen's home is squarely before the state court. Further, the state court will already be deciding issues such as the timing and extent of damages that are relevant to the question of coverage. Colony takes issue with the fact that Window World did not file its third-party demand against it in the State Court Action until two months after this matter was initiated and on the same day that the instant motion was filed.  The timing of the filing does not, however, change the fact that there is currently a state action pending in which all of the matters in controversy may be fully litigated. The Fifth Circuit has held that "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit."[15] Accordingly, this matter weighs heavily in favor of dismissal.

The next three factors "analyze whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds."[16] When Colony filed the instant action, it was not yet a party to the State Court Action but it was representing Window World in that action under reservation of rights. Colony therefore filed this action in anticipation of the coverage dispute between it and Window World. Colony's filing of this action before it was added as a party to the State Court Action appears clearly to have been an effort to secure a federal forum for its coverage dispute. Accordingly, the Court finds that these factors weigh in favor of dismissal.

---

[15] *Id.* at 390–91.
[16] *Id.* at 391.

The next two *Trejo* factors "primarily address efficiency considerations."[17] These factors also weigh in favor of dismissal. While this Court does not view either action as significantly more convenient for the parties, the existence of the State Court Action "renders this declaratory judgment action unnecessary and duplicative."[18] The Court, therefore, finds that the interests of efficiency and judicial economy are better served by dismissal. The last factor is not applicable in this matter, as the Court is not being called upon to construe a state judicial decree.

Accordingly, upon balancing the *Trejo* factors, the Court finds that the interests of fairness and judicial efficiency are better served if the declaratory judgment action is dismissed. "[T]he state action provides an adequate vehicle for adjudicating the claims of the parties" and the federal action does not serve any purpose "beyond mere duplication of effort."[19] The Court therefore need not address Defendant's other arguments in this motion.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion is GRANTED, and this matter is DISMISSED WITHOUT PREJUDICE.

---

[17] *Id.* at 392.

[18] Gulf Offshore Logistics, LLC v. Norris, No. CV 16-8247, 2016 WL 7097383, at *7 (E.D. La. Dec. 5, 2016).

[19] *Magnolia Marine Transp. Co., Inc.*, 964 F.2d at 1581.

New Orleans, Louisiana this 7th day of January, 2021.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**